# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CARIE RACHELLE WALKER, ) | |
| ) | |
| Petitioner, ) | |
| vs. ) | NO. CIV-18-0382-HE |
| ) | |
| DEBBIE ALDRIDGE, Warden. ) | |
| ) | |
| Respondent. ) | |

## ORDER

Petitioner Carie Rachelle Walker, Jr., a state prisoner serving a life sentence for murder, filed this action pursuant to 28 U.S.C. § 2254 seeking habeas relief. Consistent with 28 U.S.C. § 636(b)(1)(B) and (C), the matter was referred to Magistrate Judge Bernard M. Jones for initial proceedings. He recommends that a motion to dismiss filed by respondent be granted on the ground the petition is time-barred. Petitioner, who is represented by counsel, has filed an objection. The court concludes the petition was not filed within the time limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and should be dismissed.

Petitioner was convicted by a jury of first degree murder and sentenced to life imprisonment with the possibility of parole on September 30, 1996.[1] She was sixteen at the time of the offense. Petitioner appealed her conviction and the Oklahoma Court of Criminal Appeals ("OCCA") affirmed the judgment and sentence of the district court on

---

[1] *The court has taken the procedural history from the petition.*

May 6, 1998. Petitioner did not file an application for post-conviction relief until September 21, 2017. She sought state habeas relief contending that her sentence, based on an act she committed as a juvenile, violates the Eighth Amendment of the United States Constitution and is subject to collateral attack. The district court denied petitioner's application and the OCCA affirmed the denial. In its decision, the appellate court agreed that petitioner's challenge to her sentence was not procedurally barred. However, the court also agreed with the district court's analysis that petitioner's claim was without merit because "[p]etitioner was not sentenced to life without the possibility of parole." Doc. #1-1, p. 2.

Petitioner then filed a federal habeas petition here, asserting one ground for relief. She contends the Supreme Court has held that if a state imposes a life sentence on a juvenile offender it must provide him or her with some realistic opportunity to obtain release before the end of that term. Notwithstanding the four parole hearings she has already concededly had, petitioner claims Oklahoma's parole system does not provide the required "realistic opportunity."

The magistrate judge did not address the merits of the petition as he determined petitioner failed to file it within AEDPA's one-year limitations period. Petitioner contends the petition is not time-barred because of an intervening change in the law applicable to juvenile sentences.

AEDPA has a 1-year limitations period, which begins to run on the latest of the following: (A) the date on which a state court judgment becomes final; (B) the date an

unconstitutional state-created impediment is removed; (C) the date the Supreme Court newly recognizes a constitutional right; or (D) the date on which the factual predicate of claims could have been discovered through due diligence. *See* 28 U.S.C. § 2244(d)(1)(A)-(D). The magistrate judge noted that while the parties agree that only § 2244(d)(1)(D) is implicated here, they disagree on the date the provision was triggered. Petitioner contends the statute began to run when the Supreme Court decided Montgomery v. Louisiana, 136 S. Ct. 718 (2016), while respondent claims it commenced when the Supreme Court decided Miller v. Alabama, 567 U.S. 460 (2012). In Miller the Supreme Court held that "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders." Miller, 567 U.S. at 479.[2] In Montgomery the Court made Miller's prohibition retroactive. Montgomery, 136 S.Ct. at 734. Relying on an earlier Supreme Court decision, Dodd v. United States, 545 U.S. 353 (2005), the magistrate judge concluded the limitations period applicable to the petition began when the Supreme Court decided Miller.

In Dodd the Court addressed whether AEDPA's limitations period begins to run on the date when the Court "'initially recognized' the right asserted in an applicant's 2255 motion, or whether, instead, it is the date on which the right is 'made retroactive[e].'"[3]

---

[2] *The magistrate judge "proceed[ed], without deciding, as though the decisions in Miller and Montgomery are applicable to [petitioner's] case, even though "[p]etitioner was given a life sentence – not a sentence of life without the possibility of parole." Doc. #10, p. 3 n. 2.*

[3] *Although Dodd involved a habeas petition filed by a federal prisoner under 28 U.S.C. §2255, the pertinent provisions of AEDPA are almost identical. The only distinction, which does*

3

Dodd, 545 U.S. at 354-55. The Court reviewed the statutory language and concluded it "settle[d] this dispute." *Id*. at 357. AEDPA provides that § 2255 applicants are given one year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3); *see* § 2244(d)(1)(C). The Court stated that the text "unequivocally identifies one, and only one, date from which the 1–year limitation period is measured . . . ." *Id.* "An applicant has one year from the date on which the right [s]he asserts was initially recognized by [the] Court." *Id.*

In light of Dodd and decisions from other jurisdictions applying Dodd to bar claims brought by petitioners contending that their juvenile, life-without-parole sentences were unconstitutional, the magistrate judge concluded the one-year limitations period applicable to petitioner's claim began to run when Miller was decided on June 25, 2012. Unless the period was tolled, he determined it expired one year later, on June 25, 2013, and operated to bar her claim.

The magistrate judge decided there was no basis for either statutory or equitable tolling. Because petitioner first sought post-conviction relief in state court after AEDPA's one-year limitations period had expired, the magistrate judge determined she is not entitled to statutory tolling. *See* 28 U.S.C. §244(d)(2). He also concluded petitioner is not entitled

---

*not affect the issue here, is that § 2244 requires that the newly recognized right be a constitutional right.*

4

to equitable tolling, which requires a showing that the petitioner (1) "has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (internal quotation marked omitted). The magistrate judge was not persuaded by petitioner's assertions that she had diligently pursued her rights, when she waited over four years after the Miller decision and twenty months after the Montgomery decision to seek post-conviction relief.

In her objection, petitioner challenges the magistrate judge's application of Dodd to her claim. However, her argument is unclear and unconvincing. The court is not unsympathetic to petitioner's situation, but is bound by Dodd, where the Court "recognize[d] the potential for harsh results in some cases," but noted that it was "not free to rewrite the statue that Congress has enacted." Dodd, 545 U.S. at 359.

Petitioner's effort to demonstrate that she is entitled to equitable tolling is not persuasive and is a poorly disguised argument on the merits. While petitioner's delay in filing her petition after Miller was decided is understandable, she offers no explanation as to why she waited more than a year and a half after the Supreme Court decided Montgomery to seek post-conviction relief. "'Equitable tolling is a rare remedy,' and [petitioner] has done next to nothing to show that [her] situation presents the kind of 'unusual circumstances' that would warrant granting relief." Sandoval v. Jones, 447 Fed. Appx. 1, at *2 (June 14, 2011) (quoting Wallace v. Kato, 549 U.S. 384, 396 (2007); *see* Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998) (rejecting a habeas petitioner's request

5

for equitable tolling where he "provided no specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims").

Accordingly, the court **adopts** Magistrate Judge Jones's Report and Recommendation and **grants** respondent's motion to dismiss [Doc. #7]. The action is dismissed with prejudice. A certificate of appealability is denied as the court concludes petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

Dated this 3rd day of July, 2018.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE